F. C. SHARP & WIFE *v.* JAMES HACKNEY ET AL.

**Appeal and Error—Reversal of Cause for New Trial—Surprise.**

>   An order was entered by the court, "It is ordered that the issue herein
>   be set for trial on the 3rd day of the next April term." However on
>   the same day the case was submitted to the court without due notice
>   to appellant: Held, to authorize a reversal, and a new trial awarded.

APPEAL FROM WOODFORD CIRCUIT COURT.

April 17, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

On the 17th of October, 1867, the master to whom the case was
referred filed his report, to which exceptions were filed on the
same day by both parties; and this order was then made: It is
ordered that the issue herein be set for trial on the 3rd day of
the next April term.

Without setting aside formally the last named order, the record
shows the case was heard on the same day, to-wit: 17th of
October, 1867, and the clerk certifies that no order of submission
was in fact made, and the exceptions not disposed of. But that
the record was sent to the judge after the court adjourned, and
the judgment rendered in vacation.

The facts conduce strongly to the conclusion that appellant was
not apprised of the submission of the case, and that he and his
counsel were not aware that there was any intention to submit
the case at that term, and had certainly a right to suppose the
case would not be heard before the next term of the court; and
may have reasonably supposed from the character of the order
recited that the issue referred to was the issue of fact raised by
the pleadings, and that it would be tried by a jury, on the day
fixed at the next term. But be that as it may, the trial of the
case was certainly a surprise to both the appellant and his coun-
sel, and was had when they might well have concluded the cause
was continued; and if a trial had been urged in their hearing,
they might have made out good grounds for a continuance.

The language of section 465 and 466 of Civil Code, is very broad and comprehensive, conferring juridiction on courts of equity in all cases relating to the settlement of the estates of deceased persons; sufficiently so to embrace this case, and this court would not feel authorized to interpose, and reverse a judgment of a chancellor merely because he might refuse to refer an issue of fact in this class of cases to a jury.

But for the reason herein stated, the judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Porter & Greathouse, for appellants.*

*U. Turner, for appellees.*